```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | CR. NO.: 12-20214 |
| DERICK SHANE HUNDLEY, | * | |
| Defendant. | * | |

## DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

COMES NOW the defendant, Derick Shane Hundley, by and through his undersigned counsel, pursuant to Rule 32 of the Federal Rules of Criminal Procedure and Local Criminal Rule 32.1, and hereby submits the following with respect to sentencing in this case.

### I. Defense Counsel Certification

Mr. Hundley has been provided with a copy of the Presentence Investigation Report ("PSR") prepared in this case and he has reviewed the report with his counsel. In addition, undersigned counsel previously advised Mr. Hundley that revisions would be made to Paragraph 67 of his PSR to reflect the correct total offense level and advisory sentencing guideline in this case in the event he is awarded full credit for acceptance of responsibility. Undersigned counsel will also provide a copy of the Revised PSR ("RPSR") to Mr. Hundley and review the RPSR with him before his sentencing hearing.

With regard to the issue of acceptance of responsibility, Mr. Hundley is planning to present an oral statement to the Court regarding acceptance of responsibility during his sentencing hearing.  Accordingly, based on Defendant's admission of the facts read into the record by government counsel during the change of plea hearing in this case, and the statement he plans to make during his upcoming sentencing hearing, Mr. Hundley will be taking the position that he has clearly demonstrated acceptance of responsibility for the instant offense and that he should be given full credit for acceptance of responsibility under U.S.S.G. § 3E1.1.  Besides the issue of acceptance of responsibility, Mr. Hundley has no factual or legal objections to the PSR.

**II.   The Sentencing Hearing**

Undersigned counsel does not anticipate that the sentencing hearing in this case will last over thirty minutes, or that he will call more than one witness during the hearing.

**III.  Sentencing Factors in Dispute**

    **A.   Legal Objections**

    **1.   Paragraph 17 (Acceptance of Responsibility)**

As set forth above, Mr. Hundley is planning to present an oral statement to the Court at sentencing regarding the issue of acceptance of responsibility.  In addition, during his change of plea hearing, Mr. Hundley truthfully admitted the conduct

2

comprising the offense of conviction and the additional relevant conduct for which he is accountable under U.S.S.G. § 1B1.3 (which is set forth in Paragraph 9 of the RPSR).  Thus, Mr. Hundley will be taking the position that he has clearly demonstrated acceptance of responsibility for his offense, and therefore his offense level should be reduced by two (2) levels pursuant to U.S.S.G. § 3E1.1(a).  In addition, Mr. Hundley assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of intention to enter a guilty plea (and by entering a guilty plea within the time limitations set by the Amended Scheduling Order issued by the Court on December 6, 2012), thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.  Accordingly, Mr. Hundley's offense level should be reduced by one (1) additional level pursuant to U.S.S.G. § 3E1.1(b).

    **B.**    **Factual Objections**

    None.

**IV.**    **Advisory Sentencing Guideline Range**

    **A.**    **Offense Level**

    Mr. Hundley agrees with his probation officer that, should he be awarded full credit for acceptance of responsibility, his

total offense level in this case should be **forty-three (43)**.[1] See RPSR at ¶ 67.

### B. Criminal History Category

Mr. Hundley agrees with his probation officer that he has a total of zero (0) criminal history points, and therefore should be placed in **Criminal History Category I**. See RPSR at ¶ 35.

### C. Advisory Sentencing Guideline Range

Mr. Hundley agrees with his probation officer that his advisory sentencing guideline range should be **life imprisonment**. See RPSR at ¶¶ 66-67.

## V. Requested Sentence

As set forth in Paragraph 69 of the RPSR, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the appropriate term of imprisonment in this case is 300 months (25 years), to be followed by a period of

---

[1] While he is not filing an objection to the applicability of U.S.S.G. § 2G1.3(b)(3)(B) in this case, see RPSR at ¶ 21, Defendant would note that the instant offense involved his use of a cellular telephone, not an actual "computer," to converse with the victim, C.W. Defendant is not objecting to the application of this enhancement because he has agreed, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that a sentence of 300 months' imprisonment is the appropriate disposition of this case. Moreover, undersigned counsel is aware of case law from the Eighth Circuit, United States v. Kramer, 631 F.3d 900 (8th Cir. 2011), wherein the Court of Appeals affirmed the district court's finding that the defendant's cell phone was a "computer." Defendant would note that if the two-level enhancement under § 2G1.3(b)(3)(B) was not applied in this case, his total offense level would be forty-two (42) (if he receives full credit for acceptance of responsibility), and his resulting guideline range would be 360 months-life imprisonment.

4

supervised release to be determined by the Court.  Mr. Hundley respectfully requests that the Court accept the plea agreement reached by the parties and impose the agreed-upon sentence of 300 months' imprisonment.  Mr. Hundley asserts that such a sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

Furthermore, Mr. Hundley submits that even though the agreed-upon sentence is below the applicable guideline range, there are justifiable reasons to impose the sentence, including, but not limited to: (1) his lack of any significant criminal history (as set forth in the RPSR, he has one juvenile adjudication in 1998 for misdemeanor theft of property, and no adult criminal convictions); (2) his lack of any history of substance abuse problems; (3) his educational history (as set forth in the RPSR, Mr. Hundley earned his GED through Dyersburg State Community College in 2001 and attended Cleveland State Community College in 2004); (4) his consistent and productive work history (Mr. Hundley was elected to the position of Constable for Dyer County in 2006 and was re-elected in 2010.  He was also employed as a police officer with the Halls, Tennessee Police Department from 2005 to 2009, and has owned and operated his own landscaping business (Evergreen Landscaping) since 1998. Finally, he worked as a loss prevention/security officer for Wal-Mart from 1998 to 2003); (5) the fact that he relieved the

5

government of its burden of proof in this case by pleading guilty and not challenging any facts or relevant conduct, thereby removing any need to call witnesses or present evidence related to this case at trial and sentencing; and (6) the fact that the defendant's guideline range was enhanced because of the use of a cellular phone to converse with the victim, which arguably did not increase the severity of the offense because it did not provide Defendant with more access to the victim than he already had because of the nature of their relationship. Thus, this is unlike the situation where a defendant <u>had</u> to use a computer or cell phone to have <u>any</u> communication with a victim.

Accordingly, for the reasons set forth above, and for additional reasons to be provided to the Court during the upcoming sentencing hearing, Mr. Hundley respectfully requests that the Court accept the parties' plea agreement and impose the agreed-upon sentence of 300 months' imprisonment.

                                      Respectfully submitted,

                                      <u>*s/ William Joshua Morrow*</u>
                                      William Joshua Morrow
                                      BPR #026779
                                      Harwell & Plant
                                      225 Mahr Avenue
                                      Post Office Box 399
                                      Lawrenceburg, Tennessee 38464
                                      Phone: 931-762-7528
                                      ***Counsel for Defendant***

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and exact copy of the foregoing document was forwarded by electronic means via the courts electronic filing system, or if the foregoing was filed 'under seal,' then by hand-delivery or by mailing same, first class, postage pre-paid to:

> Dan Newsom
> Assistant United States Attorney
> 167 N. Main Street, Suite 800
> Memphis, Tennessee 38103

    This the 25th day of April, 2013.

> */s/ William Joshua Morrow*
> William Joshua Morrow